This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Ronald R. Wells, Sr. appeals from an entry of default judgment against him in the Summit County Court of Common Pleas. This Court reverses and remands the cause for additional proceedings.
The procedural events giving rise to this appeal are not complicated. On August 28, 1998, appellee-plaintiff Aames Capital Corporation ("Aames") filed a complaint for foreclosure in the common pleas court. The complaint named multiple defendants, including Wells. After both certified mail service and residence service failed, service by regular mail was undertaken on October 6, 1998. On October 30, 1998, Wells filed a certification of leave to plead until November 24, 1998. On November 6, 1998, however, Aames moved for default judgment, stating that Wells was "in default of Answer or other pleading although duly served according to law." The trial court entered default judgment against Wells on November 13, 1998. Wells subsequently filed his answer and counterclaims on November 24, 1998.
Wells timely appeals from the trial court's November 13, 1998 entry, asserting two assignments of error.
 Assignment of Error No. I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION FOR DEFAULT JUDGMENT WHEN APPELLANT WAS NOT IN DEFAULT AND HAD TIMELY FILED HIS ANSWER AND COUNTERCLAIMS— A FACT THE LOWER COURT AND OPPOSING COUNSEL HAS [sic] SINCE ACKNOWLEDGED; [sic]
 Assignment of Error No. II THE TRIAL COURT ADDITIONALLY ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION FOR DEFAULT JUDGMENT WHEN APPELLANT'S COUNSEL DID NOT RECEIVE SAID MOTION OR EVEN KNOW ABOUT IT; AND WHEN THE LOWER COURT DID NOT ALLOW SUFFICIENT RESPONSE TIME OR HOLD A HEARING PRIOR TO RENDERING A DEFAULT JUDGMENT.
In connection with his first assignment of error, Wells argues that, because he had properly filed a certification for leave to plead under Loc.R. 7.13(A) of the Court of Common Pleas of Summit County, General Division, the trial court should not have granted Aames' motion for default judgment. Loc.R. 7.13(A) of the Court of Common Pleas of Summit County, General Division, provides:
When no previous leave to plead has been taken, a party may obtain one automatic leave to plead by filing a certification stating that no previous extensions or leaves to plead have been obtained by that party in that particular case. Such leave to plead may not be for more than twenty-one (21) days, and a copy of the certification must be served upon opposing counsel.
This Court's review of Wells' October 30, 1998 certification of leave to plead reveals that Wells had acted appropriately under the relevant local rule by noting that no prior extensions or leaves to plead had been previously obtained and by including a proper certificate of service. Despite such compliance and the automatic leave to plead that resulted, the trial court granted default judgment in contravention of the clear directive that default judgment may only be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Civ.R. 55(A). The period in which Wells had been automatically extended by the local rules. Accordingly, the trial court should not have entered default judgment against Wells and the first assignment of error is well taken.
Given this Court's resolution of the first assignment of error, the second assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c). The judgment of the court of common pleas is reversed and the cause is remanded.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR